# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **C.M.-1 and C.M.-2**

**No. 15-1170** (Kanawha County 14-JA-142 & 14-JA-143)

## MEMORANDUM DECISION

Petitioner Father R.A., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's November 5, 2015, order terminating his parental rights to C.M.-1 and C.M.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without granting his request for an additional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner and the mother abused the children by exposing them to drug abuse and the manufacture of methamphetamine. The DHHR further alleged that following a police search of the home, petitioner and the mother were arrested for manufacturing methamphetamine and the home was condemned because of the presence of methamphetamine manufacturing items. The DHHR further alleged that petitioner and the mother failed to provide the children with necessary food, clothing, supervision, and housing. In May of 2014, the circuit court held a preliminary hearing wherein it found that there was reasonable cause to believe that the children were abused and the existence of imminent danger to the physical well-being of the children. Petitioner admitted to abusing illegal drugs, as well as the prescription drugs Suboxone and Adderall. The circuit court

---

[1]Because the two minor children share the same initials, the Court will refer to the children as C.M.-1 and C.M.-2 throughout the memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

removed the children from the home and ordered that petitioner submit to a drug screen immediately following the preliminary hearing.

In July of 2014, the circuit court held an adjudicatory hearing wherein petitioner appeared at the close of the hearing, but was represented by counsel. The circuit court adjudicated petitioner as an abusing parent. The circuit court ordered that petitioner complete treatment at a residential detoxification treatment program and a long-term substance abuse treatment program. The circuit court also ordered that petitioner participate in parenting education classes and supervised visitation, and submit to random drug screening. The circuit court also ordered that petitioner not use Suboxone as a part of his treatment program or otherwise. Subsequent to adjudication, petitioner requested a post-adjudicatory improvement period and the circuit court granted his request.

Between November of 2014 and July of 2015, the circuit court held a succession of review hearings regarding petitioner's post-adjudicatory improvement period. Petitioner's post-adjudicatory improvement period was extended so that he could complete a substance abuse treatment program, begin a relapse prevention program, and obtain and maintain suitable housing. However, in July of 2015, petitioner's post-adjudicatory improvement period was terminated due to his noncompliance and continued drug abuse. At a hearing on the improvement period, the DHHR presented testimony that petitioner failed to fully participate in random drug screening and tested positive for illegal drugs. The circuit court ordered that petitioner submit to a drug screen immediately following the July of 2015 review hearing.

In October of 2015, the circuit court held a dispositional hearing wherein petitioner admitted that he relapsed and abused drugs. He also testified that he secretly obtained Suboxone and dosed one of the mother's beverages with it so that she would fail a drug screen. Petitioner also testified that he was homeless, unemployed, and he believed that he received no services through the DHHR. Petitioner also denied responsibility for the abuse of his children and testified that his "life was a mess because [the DHHR], the State, my neighbor, [and] the corrupt state police officer stole" his children. The DHHR provided testimony that petitioner failed drug screens for amphetamines, failed to submit to random drug screens, and refused to attend a drug treatment program because, according to petitioner, "he was clean. [He] didn't have to." At the close of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because petitioner failed to maintain sobriety and employment, and rejected additional substance abuse treatment. The circuit court terminated petitioner's parental rights by order dated November 5, 2015. It is from this order petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

2

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without granting his request for an additional improvement period. Specifically, petitioner argues that he demonstrated his ability to address his substance abuse issues and, as a result, the circuit court should have given him additional time on his improvement period. West Virginia Code § 49-4-610 sets out when a circuit court may grant, extend, or terminate an improvement period. Further, West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a] [parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion to grant an improvement period . . . [and] it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In petitioner's case, he failed to fully participate in his post-adjudicatory improvement period. It is clear from the record that petitioner's post-adjudicatory improvement period terms and conditions required him to provide negative drug screens. It is also clear from the record that the circuit court ordered as a term and condition of petitioner's post-adjudicatory improvement period that the improvement period be terminated if he failed any drug screens. Petitioner provided the circuit court with a positive drug screen in May of 2015. As a result, the circuit court found that petitioner failed to fully participate in his post-adjudicatory improvement period and terminated said improvement period.

Petitioner also argues that the circuit court erred in terminating his parental rights without employing less restrictive dispositional alternatives. Specifically, he contends that the circuit court "could have" achieved permanency for the children without terminating his parental rights by ordering placement with the mother "if she is successful" in achieving reunification. While petitioner contends that the circuit court erred in terminating his parental rights without employing less restrictive dispositions, the record is clear that there was no less restrictive disposition available in his case. Specifically, the circuit court found that that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(1), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

[t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed

3

through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

It is clear from the record that petitioner admitted that he continued to abuse drugs and he dosed the mother's beverage with Suboxone so that she would fail a drug screen. Petitioner failed drug screens for amphetamines, failed to submit to random drug screens, and refused to attend a drug treatment program because, according to petitioner, "he was clean. [He] didn't have to." Petitioner further denied responsibility for the abuse of his children by testifying that his "life was a mess because [the DHHR], the State, my neighbor, [and] the corrupt state police officers stole" his children. Based on the evidence before it, the circuit court correctly found there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected.

Moreover, the circuit court correctly terminated petitioner's parental rights upon its finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect and that termination was in the children's best interests. In accordance with West Virginia Code § 49-4-604(b)(6), upon such findings, circuit courts are directed to terminate a parent's parental rights. Therefore, considering the evidence before it, the circuit court correctly terminated petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 5, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II